IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY RAY BARBER,<br><br>Defendant. | Case No. CR12-3050<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of December, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

## I. RELEVANT FACTS AND PROCEEDINGS

On November 29, 2012, Defendant Kelly Ray Barber was charged by Indictment (docket number 2) with possession with intent to distribute methamphetamine. At the arraignment on December 4, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 28, 2013.

At the hearing, Clear Lake Police Department Detective Ryan Eskildsen testified regarding the circumstances underlying the instant charge. On October 11, 2012, Eskildsen was called to assist officers with a traffic stop of Defendant. Before the traffic stop, Defendant was observed at the house of a known drug user. During the traffic stop, it was determined that Defendant was driving while barred. He was arrested and his vehicle was towed. An inventory search was done on the vehicle, and law enforcement found a tin container with 2 bags of methamphetamine. One bag contained 7 grams of 100% pure methamphetamine and the other bag contained 3.5 grams of 99% pure

1

methamphetamine. Eskildsen testified that the weight of the methamphetamine was consistent with distribution. Defendant admitted possessing the methamphetamine, but said that it was for his personal use.

Detective Eskildsen also obtained search warrants for two cell phones which belonged to Defendant. According to Eskildsen, there are text messages on the phones which suggest Defendant is involved with the distribution of drugs. Eskildsen also testified that Defendant was in California from May to August of this year, and engaged in text message conversations with an individual involving large quantities of drugs. Included in the text messages with the individual from California, was a reference to a package being sent from California to a residence where Defendant lived in Iowa. The text messages included a tracking number for the package. The package was delivered to the home of Jennifer Maga and Terry Jackson, the residence where Defendant lives. Eskildsen testified that the package weighed just under one-half pound and was sent by overnight delivery. According to Eskildsen, such a package is consistent with drug trafficking. Additionally, "money cards" – which are sometimes used instead of cash for drug trafficking – were found in Defendant's car. Pin numbers for "money cards" were also found in text messages on Defendant's phone.

According to the pretrial services report, Defendant is 46 years old. He was born in Colorado. He moved to Iowa about 10 years ago. For the past 2 years, Defendant has lived with Jennifer Maga and Terry Jackson in Forest City, Iowa. From 1990 to 2000, Defendant was married to Stephanie Reed. They have two children, who reside with their mother in California. Defendant has another child from a different relationship, who resides with her mother in Alaska. Defendant's mother and sister reside in Colorado.

Defendant told the pretrial services officer that he has not been employed for the past year because he has been receiving worker's compensation for an injury. However, Defendant believes that he is now physically able to return to work. Prior to his injury, Defendant was employed for 30 years as a plumber/pipefitter. Other than his partial torn rotator cuff, Defendant is in good physical health. He reports no present or past mental

or emotional health concerns. Defendant told the pretrial services officer that he as used methamphetamine "off and on" since 2000, but never used it on a regular basis.

Defendant has an extensive criminal record. On November 11, 2005, Defendant was charged with possession of drug paraphernalia. That charge was ultimately dismissed. On November 23, 2005, while the paraphernalia charge was pending, Defendant was charged and later convicted with possession of a controlled substance. On January 9, 2006, while both 2005 charges pending, Defendant was charged and later convicted of possession of drug paraphernalia. Defendant failed to appear for his trial, and an arrest warrant was issued and later served. On January 29, 2006, while the three previous charges were pending, Defendant was again charged and later convicted of possession of drug paraphernalia. On January 30, 2006, while all four earlier charges were pending, Defendant was charged with fifth degree theft. He failed to appear for a court hearing, and his bond was forfeited. On February 2, 2006, while the five earlier charges were pending, Defendant was charged and later convicted with possession of a controlled substance. Defendant again failed to appear for a court hearing, and an arrest warrant was issued and later served.

On June 9, 2006, while three other charges were pending, Defendant was charged with OWI. On that same date, Defendant was charged with driving with a suspended license. Both of those charges were ultimately dismissed.

On August 25, 2006, while the June 2006 suspended license charge was pending, Defendant was charged and later convicted of driving with a suspended license. About one week later, Defendant was again charged with driving with a suspended license. Then, about one month later, Defendant was charged for a third time with driving with a suspended license. Finally, about one week later, on November 5, 2006, Defendant was charged and later convicted with possession of a controlled substance, second offense. Defendant failed to appear for plea hearing in all of these cases on March 12, 2007. Arrest warrants were issued and later served. Defendant was sentenced to jail terms in one of the driving with a suspended license cases and the possession of a controlled substance

3

case. The other two driving with a suspended license cases were dismissed. Defendant was also charged on November 5, 2006 with possession of drug paraphernalia. However, that case was dismissed.

On December 26, 2006, while six earlier charges were pending, Defendant was charged with possession of drug paraphernalia and possession of a controlled substance, third offense. Defendant failed to appear for a court proceeding, and an arrest warrant was issued and later served. Defendant was convicted on the possession charge, and the paraphernalia charge was dismissed. In 2007, Defendant was charged in separate cases with possession of drug paraphernalia and going armed with a knife. Both of those cases were ultimately dismissed.

On March 10, 2008, while another charge was pending, Defendant was charged and later convicted of a controlled substance violation. Defendant was sentenced to a 10-year suspended prison term and 3 years probation. In July 2011, Defendant was found in contempt of court on this charge, and sentenced to 2 days in jail. A charge of possession of drug paraphernalia, also filed on March 10, 2008, was ultimately dismissed.

On June 14, 2009, while on probation, Defendant was charged and later convicted of driving with a suspended license. On December 14, 2009, while on probation and while the suspended license charge was pending, Defendant was charged with going armed with a knife. Defendant failed to appear for his plea hearing, and an arrest warrant was issued. The warrant was later recalled, and the case was dismissed. On the same date, Defendant was charged with possession of drug paraphernalia. That charge was later dismissed. On December 29, 2009, while on probation and while other charges were pending, Defendant was again charged with possession of drug paraphernalia. That charge was also ultimately dismissed.

On August 3, 2010, while on probation, Defendant was charged and later convicted of driving while barred as an habitual offender. On November 14, 2010, while on probation and while other charges were pending, Defendnt was charged and later convicted with driving while barred as an habitual offender. On January 10, 2011, while on

probation and while other charges were pending, Defendant was charged with driving while barred as an habitual offender. That charge was later dismissed.

On December 26, 2011, Defendant was charged in two separate cases with driving while barred as an habitual offender, and possession of drug paraphernalia. Both charges remain pending in state court. On October 12, 2012, while other charges were pending, Defendant was charged in state court with a controlled substance violation, failure to affix tax stamp, and driving while barred as an habitual offender. These charges stem from the events which give rise to the instant federal charge. The state court charges were dismissed after Defendant was indicted on the instant charge in federal court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies

committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the

Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with intent to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. Defendant's vehicle was stopped and a tin containing methamphetamine was found in his car. Defendant admitted possessing the methamphetamine. While Defendant told law enforcement that the drugs were for personal use, text messages on Defendant's phone suggest that he was involved in the sale of methamphetamine. Moreover, according to Detective Eskildsen, the quantity of methamphetamine found in Defendant's car is consistent with distribution weight. Text messages also suggest that Defendant was involved with trafficking drugs with an individual from California. A package was sent overnight to the home where Defendant resides. Eskildsen testified that the package and shipping of the package was *consistent with drug trafficking*.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Defendant has numerous convictions for controlled substance violations. He also has a history of committing additional offenses while on pretrial release and probation. He has failed to appear for court proceedings on six different occasions. He is not currently employed. He has no stable residence, and the home where he was residing may be involved in the receipt of drugs. If convicted, Defendant faces a mandatory minimum 10-year prison sentence. This is a factor regarding the likelihood he will appear. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 4, 2012) to the filing of this Ruling (December 7, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 7th day of December, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA